IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: TFT-LCD (FLAT PANEL) ANTITRUST LITIGATION | No. M 07-1827 SI<br>MDL No. 1827 |
| This Order Relates To: | No. C 11-4119 SI |
| P.C. RICHARD & SON LONG ISLAND CORPORATION, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>AU OPTRONICS CORPORATION, *et al.*,<br><br>Defendants. | **ORDER GRANTING IN PART DEFENDANTS' MOTIONS TO DISMISS** |

Currently before the Court are two motions to dismiss in this matter: a joint motion filed by most of the defendants, and a motion filed by defendants NEC Corporation, NEC LCD Technologies, Ltd., NEC Electronics America, Inc., NEC Corporation of America, Inc., and NEC Display Solutions of America, Inc. (collectively, "NEC"). Pursuant to Civil Local Rule 7-1(b), the Court finds these matters suitable for disposition without oral argument and therefore VACATES the hearing currently scheduled for January 20, 2012. Having considered the parties' papers, and for good cause appearing, the Court hereby GRANTS IN PART defendants' joint motion and DENIES NEC's motion.

**BACKGROUND**

Plaintiff P.C. Richard & Son Long Island Corporation, "the largest chain of private, family-owned electronics and appliances stores in the United States," is a New York corporation headquartered

in Farmingdale, New York. First Amended Complaint ("FAC") at ¶18. Plaintiff MARTA Cooperative of America, Inc. is "a buying group comprised of larger, independent [electronics] retailers" incorporated in Michigan and headquartered in Scottsdale, Arizona. FAC at ¶21. Plaintiff ABC Appliance is "a supplier of consumer electronics and appliances" incorporated and headquartered in Michigan. FAC at ¶24.

On June 16, 2011, P.C. Richard, MARTA, and ABC Appliance (collectively, "P.C. Richard") filed this action in the Eastern District of New York, seeking to recover for a "long-running conspiracy . . . to fix, raise, stabilize, and maintain prices for Liquid Crystal Display panels ('LCD Panels')." Compl. at ¶1. P.C. Richard filed its FAC on November 1, 2011. The FAC contains two claims: 1) a claim under the Sherman Act; and 2) a claim for violation of the antitrust laws of Arizona, Illinois, Michigan, and New York. FAC at ¶¶276-292.

Defendants now move to dismiss P.C. Richard's FAC.

**LEGAL STANDARD**

Under Federal Rule of Civil Procedure 12(b)(6), a district court must dismiss a complaint that fails to state a claim upon which relief may be granted. To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). This "facial plausibility" standard requires the plaintiff to allege facts that add up to "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). While courts do not require "heightened fact pleading of specifics," a plaintiff must allege facts sufficient to "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 544, 555.

In deciding whether the plaintiff has stated a claim upon which relief may be granted, the Court must assume that the plaintiff's allegations are true and must draw all reasonable inferences in the plaintiff's favor. *See Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987). However, the Court is not required to accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008).

**DISCUSSION**

As stated above, defendants have filed two motions to dismiss P.C. Richard's complaint: a joint motion and a separate motion that pertains only to NEC.

**I.      Defendants' Joint Motion**

Defendants' joint motion to dismiss raises two grounds for dismissal.[1] First, defendants argue that P.C. Richard's Michigan and Arizona claims are untimely. Second, they argue that P.C. Richard's FAC impermissibly relies on group pleading.

**A.      Timeliness of P.C. Richard's Claims**

Defendants first argue that P.C. Richard's Michigan and Arizona claims are untimely. P.C. Richard filed suit on June 16, 2011, more than four years after the DOJ's December 11, 2006, announcement of its investigation into the conspiracy.[2] Both the Michigan and Arizona antitrust statutes have a four-year statute of limitations, and defendants contend that P.C. Richard's claims must therefore be dismissed.[3] *See* Ariz. Rev. Stat. Ann. § 44-1410(B); Mich. Comp. Laws § 445.781.

1.      Michigan Claim

P.C. Richard contends that its Michigan claim is timely because of a tolling provision in the Michigan antitrust statute. Although the statute generally provides for a four-year statute of limitations, section 445.781 permits suit to be brought "within 1 year after the conclusion of any timely action

---

[1] Defendant's motion also seeks dismissal of any indirect-purchaser claims brought under the Sherman Act. In their response, P.C. Richard has represented that its Sherman Act claim is not based upon any indirect purchases of LCD panels.

[2] This Court has treated a plaintiff's allegations of fraudulent concealment as sufficient, as a pleading matter, to toll the statute of limitations until the DOJ announced its investigation on December 11, 2006. *See* Order Granting in Part and Denying in Part Defendants' Motions to Dismiss Complaints, Master Docket No. 666, at 27-28 (August 25, 2008).

[3] In conjunction with its opposition, P.C. Richard has requested that the Court take judicial notice of four indirect-purchaser class actions. The Court GRANTS this unopposed request. After briefing was completed, P.C. Richard filed a second request for judicial notice. Defendants have objected to this request, contending that the request was untimely. The Court agrees and therefore DENIES P.C. Richard's January 17, 2012 request for judicial notice.

3

brought by the state." Mich. Comp. Laws § 445.781(2). P.C. Richard contends that its claims continue to be tolled by the not-yet-resolved antitrust action filed by the Attorney General of Michigan, along with the Attorneys General of Missouri, Arkansas, West Virginia, and Wisconsin. *See State of Missouri, et al. v. AU Optronics Corporation, et al.*, Case No. 10-3619 (N.D. Cal.).

Defendants argue that the Michigan action was not brought against all of the defendants P.C. Richard has named as defendants in its suit. Under Michigan law, however, this is irrelevant. The Michigan tolling provision appears to be based upon a similar provision in the Clayton Act, 15 U.S.C. § 16(I), and the Michigan antitrust statute contains a harmonization provision. *See* Mich. Comp. Laws § 445.784(2) ("It is the intent of the legislature that in construing all sections of this act, the courts shall give due deference to interpretations given by the federal courts to comparable antitrust statutes, including, without limitation, the doctrine of per se violations and the rule of reason."). Thus, since the Clayton Act tolls the statute of limitations for actions against all conspirators, regardless of whether they were named in the government action, the Michigan statute does the same. *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 335 (1971) ("On the face of [15 U.S.C. § 16(I)], a private party who brings suit for a conspiracy against which the Government has already brought suit is undeniably basing its claim in whole or in part upon the matter complained of in the Government suit, even if the defendant named in the private suit was named neither as a defendant nor as a coconspirator by the Government."). Accordingly, the Court concludes the Michigan claim is timely.

### 2. Arizona Claim

As to its claim under the Arizona antitrust laws, P.C. Richard asserts that the statute of limitations was tolled from March 9, 2007, to November 5, 2007, by *Timothy J. Lauricella v. AU Optronics Corporation*, Case No. 2:07-cv-00549 (D. Ariz.).[4] *See Am. Pipe & Constr. Co. v. Utah*, 414 U.S. 538, 554 (1974) ("[T]he commencement of a class action suspends the applicable statute of

---

[4] P.C. Richard also relies on two additional indirect-purchaser class actions that purported to bring claims under Arizona law. Neither of these cases, however, involved plaintiffs that were Arizona residents. Because it was apparent from the face of these complaints that the plaintiffs lacked standing to bring claims under Arizona law, the Court agrees with defendants that P.C. Richard may not rely on them for *American Pipe* tolling. *See* Order Denying Defendants' Motions to Dismiss, Master Docket No. 4592, at 4 (January 18, 2012) ("Office Depot Order").

4

limitations as to all asserted members of the class who would have been parties had the suit been permitted to continue as a class action."). Although the Arizona Supreme Court has not decided the issue, the Court concludes that Arizona would recognize *American Pipe* tolling. *See Newport v. Dell, Inc.*, 2008 WL 4347311, at *4 n.7 (D. Ariz., August 21, 2008) (concluding that Arizona recognizes *American Pipe* tolling); *cf. Albano v. Shea Homes Ltd. P'ship*, 634 F.3d 524, 528-34 (9th Cir. 2011) (discussing issue before certifying related question to Arizona Supreme Court); *Albano v. Shea Homes Ltd. P'ship*, 227 Ariz. 121 (Ariz. 2011) (assuming without deciding that Arizona recognizes *American Pipe* tolling). Thus, P.C. Richard's claims were tolled by the *Lauricella* action to the extent its claims were included in that lawsuit.

Defendants raise a number of arguments against this conclusion. They argue, for example, that the class actions P.C. Richard relies upon did not toll its claims because the class definitions were subsequently narrowed to exclude retailers such as P.C. Richard. While the narrowing of the class definitions may have ended the tolling, the Court cannot agree that P.C. Richard is not entitled to tolling up until the date the class definition was narrowed. *See Del Sontro v. Cendant Corp.*, 223 F. Supp. 2d 563, 581 (D.N.J. 2002) ("When class certification is denied, or a purported class member for any reason ceases to be a member of the putative class, the toll ends by operation of law and the limitations period begins to run immediately.").

The primary case defendants rely on, *Sawtell v. E.I. du Pont de Nemours & Co.*, 22 F.3d 248 (10th Cir. 1994), is distinguishable from this case. Although the initial class action complaints in *Sawtell* were "broad in their descriptions of the class," they "did not specify a national class" and were narrowed within a month to include only Minnesota residents. *Id.* at 253. Given these circumstances, the Tenth Circuit concluded that "the class was intended to be Minnesota residents only." *Id.* Here, in contrast, the *Lauricella* complaint purported to represent "all persons and entities" who were indirect purchasers. Further, the complaint was not narrowed until eight months after it was filed. Even assuming the *Lauricella* plaintiff intended to represent a class of only end-users, is was not readily apparent to any other party who may have relied upon the suit.

Defendants also argue that P.C. Richard's claims were not tolled because the *Lauricella* plaintiff was an individual consumer. Defendant contend that he lacked standing to assert the claims of a reseller

such as P.C. Richard. *See Palmer v. Stassinos*, 236 F.R.D. 460, 465 (N.D. Cal. 2006) ("[T]he filing of Palmer and Hammer's putative class action cannot have tolled the statute of limitations as to the UCL claim [because] Palmer and Hammer lacked standing to assert claims under the UCL."). Defendants, however, have not established that the *Lauricella* plaintiff lacked standing to represent P.C. Richard in the class action. The case defendants rely on denied class certification based in part on the inability of the named plaintiff to adequately represent all members of the proposed class. *In re Methionine Antitrust Litig.*, 204 F.R.D. 161, 167 (N.D. Cal. 2001). The case did not find that the plaintiff lacked standing.

The Court agrees with defendants, however, that only those claims expressly asserted in the *Lauricella* action were tolled. Thus, to the extent P.C. Richard's Arizona claim is based upon direct purchases, it was not tolled and is therefore untimely. In addition, the Court agrees with defendants that tolling is limited to the defendants, products, and conspiracy period identified in the *Lauricella* class actions complaint..

### D. Group Pleading

Finally, defendants contend that P.C. Richard's complaint impermissibly relies on group pleading. This Court has addressed similar arguments numerous times in this MDL and has concluded that allegations substantially similar to P.C. Richard's satisfy federal pleading standards. *See*, *e.g.*, Order Denying Defendants' Joint Motion to Dismiss the Second Amended Complaint, Master Docket No. 3590, at 3-4 (September 15, 2011); Order Denying Defendants' Joint Motion to Dismiss, Master Docket No. 3614, at 4-5. Accordingly, the Court DENIES defendants' motion to dismiss on this basis.

## II. NEC's Motion

Through its motion, NEC argues that P.C. Richard's allegations against it fail to make a plausible showing that it was involved in the conspiracy.[5] It also contends that P.C. Richard's complaint impermissibly relies on "group pleading." This Court has recently addressed both of NEC's arguments

---

[5]The Court GRANTS NEC's unopposed request for judicial notice.

6

in ruling on NEC's motion to dismiss Office Depot's first amended complaint. *See* Office Depot Order at 8. P.C. Richard's allegations against NEC are more detailed than those the Court found sufficient in that case. *See*, *e.g.*, FAC at ¶¶137-40, 142. Accordingly, the Court finds that P.C. Richard's complaint states a plausible claim for relief against NEC.

## CONCLUSION

For the foregoing reasons and for good cause shown, the Court hereby GRANTS IN PART defendants' joint motion to dismiss and DENIES NEC's motion to dismiss. Docket Nos. 4259, 4262 in 07-1827; Docket Nos. 44, 46 in 11-4119.

**IT IS SO ORDERED.**

Dated: January 18, 2012

SUSAN ILLSTON
United States District Judge